**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN MOE MOORE,

　　　　Plaintiff - Appellant,

　v.

JONNA DUNLAP; ALICIA NIX; Lt.
GOMEZ,

　　　　Defendants - Appellees,

and

SALINAS VALLEY STATE PRISON,

　　　　Defendant.

No. 24-2704

D.C. No.
5:21-cv-01019-EJD

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted January 8, 2026
San Francisco, California

Before: NGUYEN and BENNETT, Circuit Judges, and MATSUMOTO, District
Judge.**

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　**　　The Honorable Kiyo A. Matsumoto, United States District Judge for
the Eastern District of New York, sitting by designation.

Kevin Moore ("Moore") appeals the district court's order granting summary judgment in favor of three Salinas Valley State Prison ("SVSP") officials for his 42 U.S.C. § 1983 claim of Eighth Amendment deliberate indifference arising from his July 2020 suicide attempt.[1]

We review a grant of summary judgment by the district court *de novo*. *See Pinard v. Clatskanie School Dist. 6J*, 467 F.3d 755, 763 (9th Cir. 2006). We must determine "whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) *overruled, in part on other grounds by*, *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). "An issue of material fact is genuine 'if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.'" *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quoting *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

The district court found that Moore had not established a triable issue of material fact as to his deliberate indifference claim. We agree. Moore's treatment by prison officials may have been, at worst, negligent but did not rise to the Eighth Amendment's demanding standard for deliberate indifference. To establish an

---

[1] The Clerk of Court is respectfully directed to correct the spelling of Defendant-Appellant Dunlap's last name in the case caption from "Donlap" to Dunlap.

Eighth Amendment violation based on prison medical treatment, an inmate "must satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

*First*, an inmate must show an objective "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (internal quotations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). "A heightened suicide risk or an attempted suicide is a serious medical need" and satisfies this first prong. *Conn v. City of Reno*, 572 F.3d 1047, 1056 (9th Cir. 2009), *as amended*, 591 F.3d 1081 (9th Cir. 2010), *cert. granted, judgment vacated sub nom. City of Reno, Nev. v. Conn*, 563 U.S. 915 (2011), *opinion reinstated in part*, 658 F.3d 897 (9th Cir. 2011).

*Second*, an inmate must show prison officials' response to the serious medical need was subjectively deliberately indifferent. *Id.* at 1060. The second prong can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05 (footnotes omitted). Yet, an "inadvertent [or negligent] failure to provide

adequate medical care" alone does not state a claim under the Eighth Amendment. *Id.* at 105–06. "Even gross negligence is insufficient to establish deliberate indifference." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013). Moore points to his two prior suicide attempts as a teenager, purported errors and contradictions in a suicide risk evaluation report, and statements Moore made to prison officials to argue that a genuine issue of material fact exists as to whether prison officials were deliberately indifferent to Moore's suicidality. However, even viewing the evidence in the light most favorable to Moore, he has not established that prison officials had advance knowledge of suicide *plans*, rather than suicidal *ideation*. Moreover, to the extent that prison officials interviewed Moore and conducted a risk assessment, but failed to ascertain Moore's suicide plans, Moore has not presented evidence suggesting that such failure was a product of deliberate indifference rather than perhaps negligence.

In sum, the district court properly granted SVSP prison officials summary judgment because Moore failed to establish a triable issue of material fact for his Eighth Amendment deliberate indifference claim.

**AFFIRMED.**